UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Novo Nordisk, Inc., and
Novo Nordisk A/S,

        Plaintiffs,

v.

Paddock Laboratories, Inc.,

        Defendant.

Civil No. 10-2199 (DWF/JJK)

**ORDER**

By Order dated June 22, 2011, the Court granted in part and denied in part Paddock Laboratories, Inc.'s ("Paddock") Motion for Judgment on the Pleadings Based on Collateral Estoppel and/or Summary Judgment of No Infringement. (Doc. No. 115.) Specifically, the Court granted judgment on the pleadings in favor of Paddock on Novo Nordisk, Inc. and Novo Nordisk A/S's (together, "Novo Nordisk") patent infringement claim based on the collateral estoppel effect of the judgment of unenforceability of the '358 Patent in the Michigan Action,[1] and granted judgment on the pleadings in favor of Paddock that claim 4 of the '358 Patent is invalid based on the collateral estoppel effect of the judgment of invalidity of claim 4 of the '358 Patent in the Michigan Action. (*Id.*) In addition, the Court denied Paddock's motion for summary judgment for non-infringement of claims 1, 2, 3, and 5 of the '358 Patent. (*Id.*)

---

[1]   *See Novo Nordisk A/S v. Caraco Pharm. Labs., Ltd.*, Civ. No. 2:05-40188 (E.D. Mich.).

By Order dated August 30, 2011, the Court, upon the stipulation of the parties, ordered that all remaining claims and counterclaims be dismissed without prejudice and directed the clerk to enter final judgment. (Doc. No. 122.) In that order, the Court indicated that if the Federal Circuit Court of Appeals vacates or reverses the January 19, 2011 judgment entered in the Michigan Action, the Court would vacate the corresponding portions of the final judgment in this matter. (*Id.*)

By Order dated June 18, 2013, the Court of Appeals for the Federal Circuit affirmed in part, reversed in part, and remanded in part this Court's entry of judgment. (Doc. No. 129 at 4.) The Federal Circuit's decision was based on its contemporaneous ruling with respect to the decision in the Michigan Action, wherein the United States Court for the District of Michigan ruled that claim 4 of the '358 Patent was invalid as obvious and that the patent was unenforceable due to inequitable conduct. (Doc. No. 129 at 2.) Specifically, the Federal Circuit affirmed the decision on obviousness, but reversed the district court's inequitable conduct decision. (*Id.*) The Federal Circuit likewise reversed this Court's judgment regarding Paddock's inequitable conduct defense, and affirmed the Court's judgment that claim 4 of the '348 patent was invalid as obvious. (*Id.* at 2-3.) The Federal Circuit also remanded to the extent that any dispute remains concerning Paddock's alleged infringement of claims 1, 2, 3, and 5 of the '358 Patent. (*Id.* at 3.)

All parties in the above-entitled have represented to the Court that there is nothing further for this Court to adjudicate, given that all non-appealed claims and counterclaims were previously dismissed. (Doc. No. 132.) The parties jointly request that the Court

enter judgment conforming to the mandate issued by the Federal Circuit and close the matter.  (*Id.*)

### ORDER

Consistent with the mandate of the Federal Circuit Court of Appeals, and based on the representations of the parties, the Court hereby orders that judgment be entered accordingly.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  October 15, 2013            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge